JS 44   (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Maslow, Marc

## DEFENDANTS
Corporate Initiatives d/b/a CI-Group

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hunterdon
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Console, Esquire
Console Law Offices, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq. ("ADA"), N.J. Stat. Ann. § 10:5-1, et seq. ("NJLAD")

Brief description of cause:
Plaintiff brings this action against his former employer for unlawful discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE  10/20/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Marc Maslow | : | CIVIL ACTION |
| v. | : | |
| Corporate Initiatives CI-Group | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ✓

| | | |
|---|---|---|
| 10/20/16 | _[signature]_ | Stephen G. Console, Attorney for Plaintiff, Marc Maslow |
| Date | Attorney-at-law | Attorney for |
| 215-545-7676 | 215-405-2964 | console@consolelaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Yardley, PA 19067

Address of Defendant: 10 Salem Park, Whitehouse, NJ 08888

Place of Accident, Incident or Transaction: Whitehouse, NJ
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No ✓

Does this case involve multidistrict litigation possibilities?    Yes☐    No ✓

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐    No ✓

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐    No ✓

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    No ✓

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐    No ✓

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ✓ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Employment Discrimination

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Stephen G. Console, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10/20/16    _____ Attorney-at-Law    36656 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/20/16    _____ Attorney-at-Law    36656 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC MASLOW<br>Yardley, PA 19067<br><br>                            Plaintiff,<br><br>v.<br><br>CORPORATE INITIATIVES d/b/a CI-GROUP<br>10 Salem Park<br>Whitehouse, NJ 08888<br><br>                            Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

### I.    INTRODUCTION

Plaintiff, Marc Maslow ("Plaintiff"), brings this action against his former employer, Corporate Initiatives d/b/a CI-Group ("Defendant"), for unlawful discrimination and retaliation, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, *et seq.* ("NJLAD").  Plaintiff seeks damages, including all relief that is permitted under federal and New Jersey law and all other relief this Court deems appropriate.

### II.    PARTIES

1. Plaintiff, Marc Maslow, is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Yardley, Pennsylvania.

2.      Plaintiff was an individual with a known medical impairment at the time Defendant terminated his employment.

3.      At all times material hereto, Plaintiff was disabled under the ADA and NJLAD in that he suffered from kidney stone blockages and internal bleeding requiring testing and surgery, which substantially limited one (1) or more of his major life activities, and/or had a record of impairment, and/or was regarded as having such impairment.

4.      At all times material hereto, Plaintiff was an employee within the meaning of the ADA and NJLAD.

5.      Defendant, Corporate Initiatives d/b/a CI-Group, is a New Jersey corporation with its principal place of business at 10 Salem Park, Whitehouse New Jersey 08888.

6.      Defendant is engaged in an industry affecting interstate commerce, that regularly does business in the Commonwealth of Pennsylvania and with entities and individuals in the Commonwealth of Pennsylvania, and employs residents of the Commonwealth of Pennsylvania.

7.      At all times material hereto, Defendant was Plaintiff's employer.

8.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.      At all times material hereto, Defendant was an employer within the meaning of the ADA and NJLAD.

## III. JURISDICTION AND VENUE

10. The causes of action that form the legal basis of this matter arise under the ADA and NJLAD.

11. The District Court has jurisdiction over Count I (ADA) pursuant to 28 U.S.C. § 1331.

12. The District Court has jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. § 1367.

13. The District Court has jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is not a citizen of the Commonwealth of Pennsylvania.

14. Venue is proper in the District Court pursuant to 28 U.S.C. § 1391(b).

15. On or about May 12, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein ("Charge"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

16. On August 11, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue ("Notice"). Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of the Notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

17.     Plaintiff is filing this complaint within ninety (90) days from his receipt of the Notice.

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

19.     Plaintiff was employed by Defendant from on or about October 5, 2015 until on or about March 11, 2016, the date of his unlawful termination of employment.

20.     At the time of Plaintiff's termination of employment, he held the position of Director of Business Development.

21.     Throughout the course of his employment with Defendant, Plaintiff consistently performed his job duties in a satisfactory manner.

22.     Plaintiff reported to Carrie Kane ("Kane"), Managing Director, and Eric Turiansky ("Turiansky"), President.

23.     To Plaintiff's knowledge, neither Kane nor Turiansky had a disability.

24.     On or about February 17, 2016, Plaintiff sent an email to Turiansky, notifying Turiansky that Plaintiff would need a brief medical leave of absence to undergo a surgery for his disability (kidney stone blockages and internal bleeding), treatment, and recovery.

25.     On or about February 17, 2016, minutes after Plaintiff sent an email to Turiansky, Turiansky walked into Plaintiff's office and told Plaintiff that he did not think Defendant could give Plaintiff the medical leave of absence that Plaintiff had requested.

4

26. Plaintiff told to Turiansky that he needed the medical leave, and that Plaintiff would be willing to use his personal and other time off for his requested medical leave.

27. In response to Plaintiff's requested medical leave, Turiansky subjected Plaintiff to unjust and unwarranted performance criticism.

28. Plaintiff had received no performance criticism before requesting medical leave for his disability.

29. The next day, on or about February 18, 2016, Turiansky sent Plaintiff an email in which he subjected Plaintiff to unjust and unwarranted performance criticism.

30. As a result of Plaintiff's disability, on February 26, 2016, Plaintiff commenced his medical leave of absence for his surgery.

31. On March 7, 2016, Plaintiff returned to work for a half day.

32. On March 8, Plaintiff was out of work for a post-operation procedure related to the surgery he underwent for his disability.

33. On March 9, 2016, Plaintiff returned to work.

34. On March 11, 2016, Turiansky informed Plaintiff that Plaintiff's employment at Defendant was terminated, effective immediately.

35. Defendant's stated reason for Plaintiff's termination was performance.

36. Defendant's stated reason for Plaintiff's termination was pretext for unlawful discrimination and retaliation.

37. At all times relevant, Plaintiff was a qualified individual under the ADA and NJLAD.

5

38. At all times relevant, Defendants had knowledge of Plaintiff's disability and leave of absence.

39. Plaintiff's actual and/or perceived disability and/or record of impairment was a determinative and/or motivating factor in Defendant's discriminatory treatment of Plaintiff, including its termination of Plaintiff's employment.

40. Plaintiff's request for a reasonable accommodation to take medical leave was a determinative and/or motivating factor in Defendant's discriminatory treatment of Plaintiff, including its termination of Plaintiff's employment.

41. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability.

42. Defendant retaliated against Plaintiff for his request of a reasonable accommodation for his disability by subjecting him to unjust and unwarranted performance criticism, and by terminating his employment.

43. As a direct and proximate result of Defendant's behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

44. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's unlawful discrimination and retaliation complained of herein unless and until this Court grants the relief requested herein.

### COUNT I - ADA

45. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

46. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the ADA.

47. Defendants acted with malice or a reckless indifference to Plaintiff's rights and Plaintiff is entitled to an award of punitive damages.

48. As a direct and proximate result of Defendants' discriminatory and retaliatory conduct in violation of the ADA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

49. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

50. No previous application has been made for the relief requested herein.

## COUNT II – NJLAD

51. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

52. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the NJLAD.

53. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct in violation of the NJLAD, Plaintiff has sustained the injuries, damages, and losses set forth herein.

54. Members of Defendant's upper management participated in, or were willfully indifferent to, Defendant's discriminatory and retaliatory treatment of Plaintiff, and Plaintiff is entitled to an award of punitive damages.

55. Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful discrimination and retaliation in violation of the NJLAD.

56.   No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful discriminatory and retaliatory conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

  a.   declaring the acts and practices complained of herein to be a violation of the ADA;

  b.   declaring the acts and practices complained of herein to be a violation of the NJLAD;

  c.   enjoining and restraining permanently the violations alleged herein;

  d.   awarding damages to Plaintiff to make Plaintiff whole for past and future lost earnings, including benefits and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's unlawful conduct;

  e.   awarding interest;

  f.   awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

  g.   awarding punitive damages;

  h.   awarding Plaintiff the costs of this litigation, together with reasonable attorneys' fees;

  i.   awarding Plaintiff such other damages as are appropriate under the ADA and NJLAD; and

  j.   granting such other and further relief as this Court deems appropriate.

CONSOLE LAW OFFICES LLC

Date: October 20, 2016        By: _____
STEPHEN G. CONSOLE
1525 Locust Street
Philadelphia, PA 19102
(215) 545-7676
(856) 545-8211 (fax)

Attorney for Plaintiff,
Marc Maslow

# EXHIBIT A

| CHARGE OF DISCRIMINATION | | AGENCY<br>☐ FEPA<br>x EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

| STATE OR LOCAL AGENCY: | | | |
|---|---|---|---|
| NAME (Indicate Mr., Ms., Mrs.)<br>Marc Maslow | | TELEPHONE NUMBER (Include Area Code) | |
| STREET ADDRESS | CITY, STATE AND ZIP<br>Yardley, PA 19067 | | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Corporate Incentives, Inc. d/b/a CI-Group | NUMBER OF EMPLOYEES<br>Over 50 | TELEPHONE (Include Area Code)<br>(908) 534-6100 | |
|---|---|---|---|
| STREET ADDRESS<br>10 Salem Park, P.O. Box 461 | CITY, STATE AND ZIP<br>Whitehouse, NJ 08888 | | COUNTY<br>Hunterdon |
| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>Race  Color  Sex  Religion  National Origin<br>XX Retaliation  Age  XX Disability  Other (Specify) | | DATE DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>                  March 11, 2016 | |

## THE PARTICULARS ARE:

### A.  1.  Relevant Work History

On October 5, 2015, I was hired as Director of Business Development at Respondent.[1] In that role, I reported to Carrie Kane, Managing Director, and Eric Turiansky, President. To my knowledge, neither Ms. Kane nor Mr. Turiansky is disabled.

During my employment at Respondent, I was a dedicated employee and performed my job duties in a highly effective manner.

### 2.  Summary of Harm

Respondent discriminated against me because of my "Disability" and retaliated against me for requesting a reasonable accommodation. Evidence of Respondent's disability discrimination and retaliation includes, but is not limited to, the following:

a. On February 17, 2016 or February 18, 2016, I sent an email to Mr. Turiansky notifying him that I would need a medical leave of absence to undergo a surgery for my Disability.

b. Minutes after I sent that email to Mr. Turiansky, he walked into my office and said that he did not think Respondent could give me the medical leave of absence that I had requested.

| _X_ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY  (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| x _M-QM-_<br>Date: 5/4/16  Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[1] All dates set forth herein are approximate.

EEOC Charge of Discrimination
Page 2 of 2
Marc Maslow v. Corporate Incentives, Inc. d/b/a CI-Group

- c. In response, I told Mr. Turiansky that I needed the medical leave of absence and that I would be willing to use my personal and other time off for my requested medical leave of absence.
- d. In response, Mr. Turiansky subjected me to unjust performance criticism.
- e. Prior to that time, I had not received any performance criticism.
- f. The next day, Mr. Turiansky sent me an email in which he subjected me to unjust performance criticism.
- g. On February 26, 2016, I commenced my leave of absence.
- h. On March 7, 2016, I returned to work for a half day.
- i. On March 8, 2016, I was out of work for a follow-up visit with my doctor.
- j. On March 9, 2016, I returned to work full-time.
- k. On March 11, 2016, Mr. Turiansky informed me that my employment at Respondent was terminated, effective immediately.
- l. Respondent's stated reason for terminating my employment was performance. This stated reason is pretextual.

### B. Respondent's Stated Reasons

- a. Respondent has provided me with no legitimate reason for subjecting me to a hostile work environment. Respondent subjected me to a hostile work environment based on my disability and my request for a reasonable accommodation.
- b. Respondent's stated reason for terminating my employment was performance. This stated reason is a pretext for disability discrimination and retaliation for my request for a reasonable accommodation.

### C. Statutes and Basis for Allegations

Respondent discriminated against me based on my disability and retaliated against me based on my request for a reasonable accommodation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C.S. § 12131 et seq., as set forth herein.

# EXHIBIT B

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Marc Maslow<br>Yardley, PA 19067 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-02892 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
District Director

8/11/16
(Date Mailed)

cc:  Chad Shebey
Vice President, Human Resources and Facilities
CI-GROUP
( for Respondent )

Nicholas R. Romeu, Esq.
CONSOLE LAW OFFICES
( For Charging Party )